**George R. DIERKES, Plaintiff–Respondent,**

v.

**STATE of Missouri, ex rel. DEPARTMENT OF SOCIAL SERVICES and Debby L. Boutros, Defendants–Appellants.**

No. 72352.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 24, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 7, 1998.

Lozano, Hendrickson & Lozano, L.C., Todd N. Hendrickson, St. Louis, for appellant.

Robert "Keith" Bennett, Bridgeton, for respondent.

KAROHL, Judge.

Mother, and former wife, (Mother) appeals judgment of the trial court reversing a decision of the Division of Child Support Enforcement (DCSE). DCSE increased Father's child support for children of the parties who are now eight and one-half and thirteen years of age. The trial court concluded Mother failed to meet her burden to prove there was a substantial and continuing change of circumstances to make the existing support obligation unreasonable. The court found the findings of DCSE were arbitrary, capricious and unreasonable. It held "child support obligations shall remain as agreed to by and between the parties consent stipulation of 1992." We affirm.

The court dissolved the marriage of the parties on December 29, 1989. It awarded custody of the two children to Mother in accordance with a stipulation. It did not award maintenance. It ordered Father to pay child support.

Supreme Court Rule 88.01 became effective on April 1, 1990. Rule 88.01 provides the relevant factors in determining the amount of child support and creates a rebuttable presumption that the amount calculated pursuant Form No. 14 is the amount of child support to be awarded.

In 1991, Mother remarried. She voluntarily left her Missouri employment. She moved to California with her new husband and the children. She did not obtain new employment in California.

On January 7, 1992, Mother and Father entered into a stipulation modifying the custody and child support provisions of the dissolution decree of December 29, 1989.

In 1993, Mother filed an application to effect wage withholding asserting Father was in arrears on child support. On August 9, 1994, the court found Father overpaid child support and was entitled to a credit against future child support.

On December 21, 1994, DCSE initiated a review of child support through letter correspondence with Mother in California and Father in St. Louis County. On February 3, 1995, DCSE filed a motion for modification of child support order. The motion alleged that since the child support order of December 29, 1989, "a substantial and continuing change of circumstances has occurred" under Rule 88.01 guidelines requiring an increase in child support. The motion did not recognize the modification of January 7, 1992, or any change order thereafter.

On July 5, 1995, DCSE held a contested administrative hearing pursuant to section 454.475 RSMo 1994. Mother testified: (1) she was a student and not employed outside the home; (2) she and her husband purchased the family home for $249,000; (3) their household income exceeded $100,000 per year; (4) she and her husband owned three automobiles, a 1987 Nissan, a 1990 Ford Escort and a 1991 Chevy van; and, (5) she agreed that her personal economic circumstances have actually improved.

On July 21, 1995, DCSE entered a decision ordering Father to pay increased child support. The decision acknowledged the modification of January 7, 1992. In its conclusions of law, it considered the dissolution decree of 1989, DCSE sought to modify an "existing order." The agency ordered, "The child support order entered by the Circuit Court of Jefferson County on December 29, 1989 is modified."

Father filed a timely petition for administrative review of the DCSE decision of July 21, 1995, under section 536.100 et seq. RSMo 1994. Father and DCSE stipulated the trial court could decide the issues after considering the DCSE transcript and briefs.

On January 22, 1997, the trial court reversed DCSE's decision because Mother "failed to meet her burden that there was a substantial and continuing change of circumstances such as to make the prior terms unreasonable." In addition, the court found, "The findings of [DCSE] are arbitrary, capricious and unreasonable." The court ordered child support be based upon the stipulation of January 7, 1992.

On April 22, 1997, this court granted Mother leave to file a late appeal. DCSE did not file the appeal and has not participated. Mother filed a brief. Father filed a motion to dismiss the appeal and argues Mother's brief presents no appealable issues, fails to preserve any issues for review, fails to comply with Rule 84.04 and he is "unable to formulate a responsive 'point relied on.'"

Mother's point on appeal argues DCSE's decision was supported by the evidence. She does not direct her argument to the judgment of the trial court reversing DCSE's decision. Accordingly, Mother's point on appeal fails to recognize the provisions of section 454.496.6 and .7 RSMo 1994. Those sections provide the trial court review of DCSE's order is de novo. The trial court proceeded de novo, as directed by these sections, and found points raised in Father's petition for administrative review meritorious. It rejected modification of the child support provisions in the dissolution decree in 1989, after recognizing that those provisions were not an existing order when DCSE filed the motion to modify on February 3, 1995.

Mother's point on appeal is patently without merit. First, DCSE's motion to modify, as well as, its findings and order were directed to a judgment which terminated on January 7, 1992, when Mother and Father entered their stipulation. As a matter of law, it was not subject to amendment. Second, the effective date of Rule 88.01, which DCSE alleged was the only reason for modification, was April 1, 1990, prior to the modification of January 7, 1992. A modification of support requested by DCSE, authorized by section 454.496, depends upon an allegation showing proof of substantial and continuing change of circumstances as to make the terms unreasonable. Section 452.370 RSMo 1994. DCSE's petition attempted to change a non-existing judgment, the 1989 decree, by showing a change in circumstance which occurred *before* the existing judgment for child support was entered. Third, DCSE never reviewed the child support judgment January 7, 1992, and the judgment was not the basis of an agency notice and findings. *See,* section 454.476 RSMo 1994.

It is clear that the decision of DCSE was arbitrary, capricious and unreasonable. In fact, it was without meaning or effect. The trial court did not err in reversing the judgment of the division. The motion to dismiss the appeal is denied.

We affirm.

AHRENS, P.J., and CRANDALL, J., concur.